UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**RONALD KNIPFER,**
    **Petitioner,**

  v.              Case No. 07-C-713

**STATE OF WISCONSIN,**
    **Respondent.**

### DECISION AND ORDER

On August 7, 2007, Ronald Knipfer filed this petition pursuant to 28 U.S.C. § 2254. Petitioner is involuntarily confined pursuant to a civil judgment and to Chapter 980 of the Wisconsin statutes. Petitioner has filed a motion to proceed in forma pauperis.

### I. IN FORMA PAUPERIS APPLICATION

Under § 1915, an indigent party may commence a federal court action, including a petition for habeas corpus relief, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. Nietzke v. Williams, 490 U.S. 319, 324 (1989).

Petitioner has filed the required affidavit of indigence. Upon review of that affidavit, I am satisfied that petitioner is unable to pay the filing fee. Petitioner attests that he has no income or assets. As such, I will grant petitioner's application to proceed in forma pauperis.

### II. RULE FOUR SCREENING

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

1

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Petitioner asserts that his trial counsel and appellate counsel were both ineffective for failing to challenge the state court's jurisdiction over his commitment proceeding. Apparently, petitioner believes that the state filed its case against him after the 90-day window for doing so provided by state law. I must find that this claim is not cognizable in the present forum. Petitioner has filed a decision of the Wisconsin Court of Appeals rejecting petitioner's argument that the state filed its case after the 90 days permitted by state law. Because this is a matter of state law, I may not question it on habeas review. As such, it is plain that petitioner could not show that his counsel was ineffective for failing to raise a meritless state law argument.

**THEREFORE, IT IS ORDERED** that Ronald Knipfer's motion to proceed in forma pauperis is **GRANTED.**

**IT IS FURTHER ORDERED** that, pursuant to Rule 4 of the Rules Governing § 2254 Cases, this petition is **SUMMARILY DISMISSED**.

Dated at Milwaukee, Wisconsin, this 17 day of August, 2007.

/s_____
LYNN ADELMAN
District Judge